**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZALMAN BISTON, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>CENTRAL CREDIT SERVICES LLC.<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff ZALMAN BISTON (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Cohen & Mizrahi LLP, against Defendant CENTRAL CREDIT SERVICES LLC ("Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws… [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id*.; § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using a misleading, deceptive, unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 *et seq.*, of the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York and is a "Consumer" as defined by 15 U.S.C. §1692a(3).

9. Defendant is a collection agency with its principal office located in Ramsey, NJ.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if set forth at length herein.

13. Plaintiff brings claims, pursuant to the Fed. R. Civ. P. 23(a) and 23(b)(3), individually and on behalf of the following consumer class (the "Class").

14. The Class consists of (a) all individuals with addresses in Rockland County in the State of New York (b) who were sent a collection letter from Defendant, (c) attempting to collect a consumer debt owed to American Express (d) which states "The itemization reflects the post charge-off activity we received from American Express and as such is subject to timing and system limitations", (e) on account which interest and fees were not (f) which was sent on or after a date one year prior to filing this action and on or before a date 21 days after filing this action.

15. The identities of all Class members are readily ascertainable from Defendant's records and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

17. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the

Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1692e and 1692g .

18. The Plaintiff's claims are typical of the Class members, as all are based upon the same facts and legal theories.

19. The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience handling in consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23 because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as **Exhibit A**, violate 15 U.S.C. § 1692e and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the Class members. The Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of

herein.

    d.    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interest that are adverse to the absent Class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e.    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense.

21. Certification of a class under Fed. R. Civ. P. 23(b)(3) is also appropriate in that the questions of law and fact are common to all members of the Class and predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

23. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if set forth at length herein.

24. Some time prior to January 24, 2018, an obligation was allegedly incurred to American Express (US) ("American Express").

25. The American Express obligation arose out of a credit card that the Plaintiff opened to pay for personal and household expenses.

26. The alleged American Express obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. American Express is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

28. American Express then charged off the Plaintiff's debt.

29. American Express then contracted the Defendant to collect the alleged debt.

30. Defendant contends that the American Express debt is past due.

31. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

32. On or about January 24, 2018, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged American Express debt. *See* **Exhibit A.**

33. Upon information and belief, the January 24, 2018 letter was the first communication between the Defendant and Plaintiff regarding the American Express debt.

34. The January 24, 2018 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

35. The January 24, 2018 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

36. The Plaintiff received and read the Letter sometime after June 23, 2016.

37. The Letter advised the Plaintiff that he owed $20,288.90 on his American Express account.

38. The Letter further stated:

"The amount due above reflects the total balance due as of the date of this letter. The itemization reflects the post charge-off activity we received from American Express and as such is subject to timing and system limitations."

39. American Express could not lawfully add interest or other charges after the date of the letter.

40. This is because American Express sent no billing statements to plaintiff at any time after it charged off the account.

41. Under the Truth in Lending Act and Regulation Z, American Express cannot legally add any interest or fees to a credit card account without continuing to send periodic statements to the consumer.

42. Specifically, 12 C.F.R. §1026.5(b)(2) requires banks to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to the account. 12 C.F.R. §1026.5(b)(2)(i) states: "A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account. . . ."

43. Because American Express elected to waive further interest and fees, the amount of the debt described in Exhibit A was static, and Defendant should not have represented that it is "subject to timing and system limitations."

44. The Plaintiff, as would any least sophisticated consumer read the above statement and believed that the Defendant could potentially impose additional charges, even though that would never actually incur. *See e.g., Beauchamp v. Fin. Recovery Servs., Inc.,* No. 10 CIV. 4864 SAS, 2011 WL 891320, at *3 (S.D.N.Y. Mar. 14, 2011) (finding that a letter stating that the debt balance may increase could mislead the least sophisticated debtor into

believing that additional charges or interest would accrue); *Medzhidzade v. Kirschenbaum & Phillips, P.C.*, No. 17-CV-6452 (BMC), 2018 WL 2093116, at *4 (E.D.N.Y. May 3, 2018)(same).

45. At all relevant times, Plaintiff was being contacted by more than one debt collector.

46. Plaintiff attempted to prioritize paying off his debts by focusing foremost on those debts with the highest interest rates.

47. However, Plaintiff was hampered from prioritizing his debts due to Defendant's dunning collection letter which implied that interest and fees may accrue in the future.

48. Defendant's implication that the subject debt may accrue interest and fees materially harmed Plaintiff in his ability to properly allocate his limited funds.

49. As a result, Plaintiff was unsure which debts to prioritize, thereby damaging him in the process. As a result, Plaintiff was materially harmed by Defendant's actions.

50. By inputting this language, the Defendant caused the Plaintiff a real risk of harm. Plaintiff, as would the least sophisticated consumer, would believe that he had a financial incentive to pay this debt sooner, or risk owing a higher amount.

### First Count

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692e *et seq.*

51. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "45" herein with the same force and effect as if set forth at length herein.

52. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

53. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

54. The Defendants violated said section in its letter to the Plaintiff by:

    a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;
    b. Falsely representing the amount of the alleged debt in violation of 1692e(2)(A);
    c. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

55. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### Second Count

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692g *et seq.*

56. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "50" herein with the same force and effect as if set forth at length herein.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

58. Pursuant to 15 U.S.C. § 1692g, a debt collector must, within five days of its initial communication with the debtor, accurately and unambiguously state the amount of the debt owed.

59. The Defendants violated said section in its letter to the Plaintiff by:

a. Stating an amount of the debt, but creating confusion as to whether or not that amount was subject to increase;

b. Including language in the collection letter which would confuse the debtor as to the amount of the debt.

60. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Cohen & Mizrahi LLP, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

**COHEN & MIZRAHI LLP**

Dated:  Brooklyn, New York                     By: /s/ Daniel C. Cohen
        November 21, 2018                      Daniel C. Cohen, Esq.
                                               Cohen & Mizrahi LLP
                                               300 Cadman Plaza W, 12th floor

Brooklyn, New York 11201
Phone: (929) 575-4175
Fax:    (929) 575-4195
Email: dan@cml.legal
*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Daniel C. Cohen*
Daniel C. Cohen, Esq.